IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AMADOR SANTONIO,<br><br>          Petitioner,<br><br>     v.<br><br>STEVEN TURLEY,<br><br>          Respondent. | **ORDER TO AMEND DEFICIENT SECOND AMENDED PETITION & MEMORANDUM DECISION**<br><br>Case No. 2:10-CV-448 DAK<br><br>District Judge Dale A. Kimball |

Petitioner, Amador Santonio, an inmate at Central Utah Correctional Facility, filed a second amended *pro se* habeas corpus petition, as ordered by the Court.  *See* 28 U.S.C.S. § 2254 (2012).  Reviewing the Second Amended Petition, the Court concluded that the Second Amended Petition is deficient as described below.  *See id.*

**Deficiencies in Second Amended Petition:**

Second Amended Petition:

(a)     has claims appearing to be based on the illegality of Petitioner's current confinement; however, the petition was apparently not submitted using the legal help Petitioner is entitled to by his institution under the Constitution.  *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "'*adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

(b)         is not submitted on court-provided form petition, as required.  *See* R. 2(d), Rs. Governing § 2254 Cases in the U.S. Dist. Courts.

(c)         does not list full procedural history of any direct appeals or post-conviction proceedings.

(d)         appears to allege claims regarding Petitioner's conditions of confinement, which are inappropriately brought in this habeas petition.

(e)         inappropriately requests relief under § 2241 for claims that appear to be more properly brought under § 2254 and § 1983.

### Repeated Instructions to Petitioner

Under Rule 8 of the Federal Rules of Civil Procedure an initial pleading is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."  Fed. R. Civ. P. 8(a).  The requirements of Rule 8(a) are intended to guarantee "that [respondents] enjoy fair notice of what the claims against them are and the grounds upon which they rest."  *TV Commc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8.  "This is so because a pro se [litigant] requires no special legal training to recount

2

the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991).  Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant." *Id.* at 1110.  Thus, the Court cannot "supply additional facts, [or] construct a legal theory for [petitioner] that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

   Petitioner should consider the following points before refiling his petition.  First, the revised petition must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original petition or any other documents previously filed by Petitioner.  *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (amendment supercedes original).  Second, the petitioner must clearly state whom his custodian is and name that person as the respondent.  *See* R. 2, Rs. Governing § 2254 Cases in the U.S. Dist. Courts.  Third, Petitioner may generally not bring civil rights claims as to the conditions of his confinement in a habeas corpus petition.  Fourth, any claims about Petitioner's underlying conviction and/or sentencing should be brought under 28 U.S.C.S. § 2254; any claims about the execution of Petitioner's sentence should be

brought under 28 U.S.C.S. § 2241.  Finally, Petitioner should seek help from the prison's contract attorneys with preparing initial pleadings.

### ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

(1) Petitioner shall have **A FINAL THIRTY DAYS** from the date of this order to cure the deficiencies noted above.

(2) The Clerk's Office shall mail Petitioner a copy of the Pro Se Litigant Guide with a proper form petition and civil rights complaint, for him to complete, according to the directions.

(3) If Petitioner fails to timely cure the above noted deficiencies in accord with the instructions herein this action will be dismissed without further notice.

DATED this 27th day of July, 2012.

BY THE COURT:

_____
JUDGE DALE A. KIMBALL
United States District Court